# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ACHILLES J. BRAXTON, )
)
    Plaintiff, )
)
v. ) No. 4:05CV00843 ERW
)
ST. LOUIS UNIVERSITY HOSPITAL, et al., )
)
    Defendants. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Achilles J. Braxton (registration no. C1643169) for leave to commence this action without payment of the required filing fee.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on May 25, 2005. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $81.17, and an average monthly account balance of $114.38. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $22.88, which is 20 percent of applicant's average monthly balance.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the St. Louis Medium Security Institution ("MSI"), seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are St. Louis University Hospital and two of its staff physicians, Dr. Jeffrey Bailey and Dr. James Scharff. Plaintiff alleges that, on September 29, 2003, he "placed himself under the care of and employed the defendant[s] Jeffrey Bailey, M.D. and James Scharff, M.D." regarding a painful condition in his lower back and "right flank area." Plaintiff further alleges that defendants recommended surgery, which was performed the same day; however, due to defendants' "fail[ure] to exercise ordinary care," they permitted plaintiff to be discharged from the hospital "with foreign objects sponges/and or gauzes remaining in his body." Plaintiff claims that since the September surgery, he has "experienced four surgeries at MSI," beginning on November 18, 2003, "to remove [a] foreign body (gauze/sponge) to correct the swelling and pain that St. Louis University and staff caused." He states that defendants are guilty of medical malpractice and "delivery indifference," in violation of his Eighth and Fourteenth Amendment rights.

To state a claim for medical mistreatment under § 1983, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Id. Plaintiff's allegations, at most, amount to negligence which simply is not cognizable as a constitutional violation.[1] Moreover, to state a § 1983 claim, a plaintiff must establish that a person, or persons, acting under color of state law committed actions which form the basis of

---

[1]Even if the Court liberally construed the complaint as being brought under 28 U.S.C. § 1332, the action would be dismissed for lack of subject matter jurisdiction. Although the amount in controversy exceeds $75,000, diversity of citizenship is lacking. See 28 U.S.C. § 1332.

the complaint.  See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986).  Plaintiff states that, in September 2003, he "placed himself under [defendants'] care," and that he subsequently underwent additional corrective surgeries at MSI.  As such, the allegations do not establish that defendants' treatment constituted action under color of state law for purposes of § 1983.  For these reasons, plaintiff's complaint will be dismissed as legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $22.88 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the plaintiff's motions for appointment of counsel [Doc. #4 and Doc. #5] are **DENIED**, as moot.

An appropriate order shall accompany this order and memorandum.

So Ordered this 26th Day of October, 2005.

*[signature: E. Richard Webber]*

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**